Mayer, Ross & Hagan, P.C.
178 East Main Street
Patchogue, NY 11772
Tel:(631)654-5134
Fax: (631)654-5252
damon.hagan@mayerrosshagan.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KAITLYN CAVA, individually and on behalf
of those individuals similarly situated,

                                 Plaintiff,

 - against -                                      Case No. 2:13-cv-01109-JS-ARL

TRANQUILITY SALON & DAY SPA, INC.
and LEAH PELENGARIS,

                                 Defendants.
----------------------------------------------------------x


MEMORAMNUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(F) AND
IN SUPPORT OF DEFENDANT'S CROSS MOTION

## TABLE OF CONTENTS

CASES CITED………………………………………………………………………….……3

STATUTES CITED……………………………………………………………………….……3

PRELIMINARY STATEMENT…………………………………………………………….……4

ARGUMENT IN OPPOSITION……………………….…………………….…………….……..5

DEFENDANT HAS PROPERLY RAISED AFFIRMATIVE DEFENSES THAT SHOULD NOT BE STRUCK………………………………………………………………………….……5

    i) AFFIRMATIVE DEFENSE ONE………………………………………………..7

    ii) AFFIRMATIVE DEFENSE TWO……………………………………………….9

    iii) AFFIRMATIVE DEFENSE SEVEN………………………………….………11

    iv) AFFIRMATIVE DEFENSE EIGHT……………………………….……….…..11

    v) AFFIRMATIVE DEFENSE TWELVE……………………….…….………..12

    vi) AFFIRMATIVE DEFENSE FOURTEEN……………………………………...12

    vii) AFFIRMATIVE DEFENSE FIFTEEN……………………………….…...………13

    viii) AFFIRMATIVE DEFENSE EIGHTEEN……………………………..………14

    ix) AFFIRMATIVE DEFENSE NINETEEN…………………………….…..………15

ARGUMENT IN SUPPORT OF CROSS MOTION…………………….…………….…..16

PLAINTIFF'S PLEADINGS MUST BE STRUCK ……………………….……….…..16

IN SUPPORT OF A DECLARATORY ORDER PREVENTING AN AWARD OF DAMAGES BEYOND ACTUAL DAMAGES………………………………………………………...16

IN SUPPORT OF A DECLARATORY ORDER STRIKING CLASS ACTION STATUS…17

CONCLUSION………………………………………………………...……………………17

## CASES CITED

FDIC v. Ramirez Rivera, 869 F.2d 624, 626 (1st Cir. 1989)……………………………………….5

Ingraham v. U.S.,808 F.2d 1075, 1078 (5th Cir. 1987)……………………………………….5

Stephenson v. Davenport Community School Dist., 110 F.3d 1303, 1305 n. 3 (8th Cir.1997)…5

WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1381 (3d ed. 2011)..6

William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S.1015, 106 S.Ct. 3324, 92 L.Ed.2d 7………..………….6

EEOC v.Kelley Drye & Warren, LLP, No.10-CV-655-LTS, 2011 WL 3163443, *1-2 (S.D.N.Y. July 25, 2011). …………………………………………………………………..…………6

Microsoft Corp. v. PTI (USA), No. 1-CV-2018, 2003 WL 21406291, *1 (E.D.N.Y. Mar. 14, 2003) …………………………………..…………………………………………………………7

Texas 1845 LLC v. Wu Air Corp., No. 11-CV-1825, 2012 WL 382828, *6 (E.D.N.Y. Feb. 6, 2012)…………………………………………………………………………………………7

Houston v. Manhiem-New York, 2010 WL 744119, at *3 (SDNY Mar. 3, 2010) ……………...7

Coach inc. v. Kmart Corps. 2010 US Dist LEXIS 122326, 2010 WL 472325, at *2 (SDNY Nov. 16, 2010) ……………………………………………………………………………………….8

Estee Lauder, Inc. v. Fragrance Counter, Inc. 189 FRD 269, 272 (SDNY 1999)……………...8

Meyers v. Bethlehem Corp., 303 U.S. 41, 50-51(1938)……………………………………….9

## STATUTES CITED

New York Civil Procedure Law and Rules §3213……………………………………………….5
Federal Rule of Civil Procedure Rule 8(c)(1) ……………………………………..……5
Federal Rule of Civil Procedure 8(b)(1)(A)………………………………………..……6
Federal Rules of Civil Procedure Rule 12 (f)…………………………………………...…..6
Federal Rules of Civil Procedure Rule 12 (f)………………………………………..…..8
Federal Rules of Civil Procedure Rule 8(b)……………………………………………...8
Federal Rules of Civil Procedure Rule 8 (a) and (e)…………………………………………..8
Federal Rules of Civil Procedure Rule 23(b)(3)………………………………………….10
New York State Labor Law §196 ……………………………………………………..10
New York State Labor Law §196 ……………………………………………………..12
Federal Rules of Civil Procedure Rule 15 (a) (1) (b)…………………………….………13
Title 29 USC § 255………………………………………………………..………….13
Federal Rules of Civil Procedure Rule 15 (a) (1) (b)……………………………………15
FED.R.CIV.P. 8(a)(2) ………………………………………………………...……16

The defendants by and through their attorneys, MAYER, ROSS & HAGAN, P.C., by DAMON A HAGAN ESQ responds in opposition to the plaintiff's motion to strike affirmative defenses herein and states as follows:

I. PRELIMINARY STATEMENT

On January 11, 2013 the Defendant Tranquility Salon & Day Spa, Inc. instituted an action in The District Court of the State of New York County of Suffolk, Sixth District Court under Index No. BRC13-48 via a Motion for Summary Judgment in Lieu of Complaint. (Exhibit A)

On February 27, 2013 Plaintiff by her counsel in this action, appeared and opposed the pending motion in the New York State District Court and cross moved (Exhibit B) wherein the Plaintiff raised the same accusations alleged in their instant complaint in this action claiming that violations of New York State Labor Law had occurred and precluded the movant request for summary judgment. (Exhibit B Paragraphs 18)

Subsequent to the Plaintiff filing opposition and cross motion in the New York State District Court action and with the State District Court action still pending the Plaintiff commenced the instant action in the Federal Court of the Eastern District of New York on March 1, 2013 (ECF Doc No. 1) alleging violations of the same New York State Labor Law which had been raised within their papers in the State action.

Subsequent to the filing of the instant Federal court action, Honorable Janine Barbera-Dalli of the State of New York District Court of the County of Suffolk issued a decision which denied the movant's application for summary judgment. Pursuant to New York Civil Procedure Law and Rules §3213 the opposition and cross motion papers of the herein Plaintiff became their answer. (Exhibit C)

On April 4, 2013 the Defendants answered the Federal Complaint in this case (ECF Doc. No. 6) and included in that answer were several affirmative answers the Defendants believed applicable in light of the Plaintiff's complaint and the lack of discovery thus far in the case.

II. ARGUMENT IN OPPOSITION

A. DEFENDANT HAS PROPERLY RAISED AFFIRMATIVE DEFENSES THAT SHOULD NOT BE STRUCK

Federal Rule of Civil Procedure Rule 8(c)(1) states that a defendant "must affirmatively state any avoidance or affirmative defense", without the Defendant raising such defenses they lose their ability to raise them later. The Federal Courts have consistently supported the same holding that the failure by a defendant to plead an affirmative defense in their answer generally results in waiver and exclusion from the action. FDIC v. Ramirez Rivera, 869 F.2d 624, 626 (1st Cir. 1989); Ingraham v. U.S.,808 F.2d 1075, 1078 (5th Cir. 1987); Stephenson v. Davenport Community School Dist., 110 F.3d 1303, 1305 n. 3 (8th Cir.1997). Federal Rule of Civil

Procedure 8(b)(1)(A) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it" which has been done by the Defendant herein.

While Rule 12(f) of the Federal Rules of Civil Procedure permits a party to move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" no such affirmative defense has been raised by the Defendants herein. Rule 12(f) motions to strike are "often not granted unless there is a showing of prejudice to the moving party." WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1381 (3d ed. 2011)

As the First Circuit Court of Appeals noted in Salcer et al v. Envicon Equities Corp., "even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S.1015, 106 S.Ct. 3324, 92 L.Ed.2d 7; *see also* EEOC v.Kelley Drye & Warren, LLP, No.10-CV-655-LTS, 2011 WL 3163443, *1-2 (S.D.N.Y. July 25, 2011). To date this action has only just begun, there has been no preliminary conference held and there has been no exchange of mandatory discovery.

As the Southern District recently held in EEOC v.Kelley Drye & Warren, LLP it would be inappropriate for a court to strike pleadings prior to any discovery. EEOC v.Kelley Drye & Warren, LLP, No.10-CV-655-LTS, 2011 WL 3163443, *1-2 (S.D.N.Y. July 25, 2011)

Generally, courts would only grant a motion to strike an affirmative defense under Rule 12(f) upon a finding that (1) there was no question of fact or law that might allow the challenged defense to succeed; (2) under no set of circumstances could the defense succeed, regardless of what evidence could be marshaled to support it; and (3) prejudice would result from the defense remaining in the case. Microsoft Corp. v. PTI (USA), No. 1-CV-2018, 2003 WL 21406291, *1 (E.D.N.Y. Mar. 14, 2003) (setting forth same three-part test); Texas 1845 LLC v. Wu Air Corp., No. 11-CV-1825, 2012 WL 382828, *6 (E.D.N.Y. Feb. 6, 2012).

While Opposing Counsel is correct in citing the standards Houston v. Manhiem-New York, 2010 WL 744119, at *3 (SDNY Mar. 3, 2010) the onus is on the Plaintiff to show that "there is no question of fact that might allow the defense to succeed" in addition to the added burden that "there is no question of law which might allow the defense to succeed".

Herein we have had no exchange of discovery or information, nor has there been any presentation of facts to the court by the Plaintiff in their motion as to why or how the affirmative defenses do not apply. The Plaintiff is attempting to shift the burden of proving the affirmative defenses on the Defendants prematurely, before any discovery has been done.

   i) AFFIRMATIVE DEFENSE ONE

The fact that there is ongoing between these parties at the State Court level under Index No. BRC13-48 has direct bearing on these matters. The Defendant Tranquility Salon and Day Spa

Inc. instituted an action against this Plaintiff via motion for summary judgment in lieu of complaint in that action. Prior to entering in to this action the herein Plaintiff by her counsel appeared in the State Court action, raised claims based upon the same factual basis for their claims herein and cross moved to dismiss the Defendant's action based on those claims. The State Court has ruled that the Plaintiff's response papers to that motion have been deemed an answer and the case has been ordered to move forward.

Just as Rule 12 (f) permits the striking of affirmative defenses that are "redundant, immaterial, impertinent or scandalous" and not in keeping with the standards of Fed. R. Civ. P. Rule 8(b) the same standards apply to the Movant Plaintiff under Fed. R. Civ. P. Rule 8 (a) and (e). We would argue that is exactly what the Plaintiff is subjecting the Defendants to by this action.

There is an ongoing New York State District Court action, involving all of the same parties, the same fact patterns and allegations raised in the Plaintiffs complaint. Rather than deal with those matters in that action the herein Plaintiff, which she has answered and appeared in, she has started a new action in the Federal Court.

The Movant Plaintiff further cites that this circuit has found that the "[i]ncreased time and expense of trial may constitute sufficient prejudice". Coach inc. v. Kmart Corps. 2010 US Dist LEXIS 122326, 2010 WL 472325, at *2 (SDNY Nov. 16, 2010) citing Estee Lauder, Inc. v. Fragrance Counter, Inc. 189 FRD 269, 272 (SDNY 1999). Herein we have the Plaintiff responsible for instituting an entirely new trial action in Federal Court effectively doubling the time and trial expense of this action.

Timing is everything. In short the herein Plaintiff has already consented to the jurisdiction of the State Court. Nowhere in his papers filed in the State Court action is there an objection to jurisdiction. Without objection or reservation of said right the herein Plaintiff consented to the jurisdiction of the New York State Court prior to filing in Federal Court.

Furthermore the Plaintiff may receive the same relief at the state court level as she is seeking in this federal action. Plaintiff's Counsel acknowledged within his current and pending motion papers that the Plaintiff's damage request is limited to "actual damage [sic], liquidated damages, expenses, post-judgment interest, costs, attorneys' fees" all of which are available to him under New York State Law. That action is still ongoing and the results of that action will not be known until the future. To force the Defendant to pursue this same action on two fronts is a question in law and fact and warrants the affirmative defense. The herein Plaintiff opportunity to forum shop ceased upon the filing of papers which lacked any objection to the jurisdiction of the New York Courts.

ii) AFFIRMATIVE DEFENSE TWO

Same standards of the Plaintiff wasting this Court's time seeking relief available on multiple fronts applies to this affirmative defense as well. It is a well established judicial doctrine, the requirement for the exhaustion of administrative remedies assures that "no one is entitled to judicial relief for a supposed threat or injury until the prescribed administrative remedy has been exhausted" <u>Meyers v. Bethlehem Corp.</u>, 303 U.S. 41, 50-51(1938)

Upon information and belief the New York State Department of Labor has and is auditing the books and records of the Defendants at this time specifically with regards to the types of allegations raised by the Plaintiff herein. The New York State Department of Labor has the expertise and personnel to make a superior adjudication and thus must be preferred under the requirements of F.R.Civ.P. 23(b)(3); or, (2) Application must be first made to the Department of Labor and its administrative remedies exhausted before court adjudication; or, (3) All wage litigation must be channeled through the Department.

Furthermore the Plaintiff has raised claims under the New York State Labor Law in their Second, Fourth, Fifth, Sixth and Seventh Causes of action. Pursuant to §196 of the New York State Labor Law the Department of Labor has all of the specific powers to address this Plaintiff's claim and is currently conducting and audit with regards to the issues. It is possible that the relief that the Plaintiff is seeking may also be available via a determination by the New York State Department of Labor's audit that is currently on going. As above should the Department of Labor order a repayment of any alleged due wages to the Plaintiff then there would be no relief available from this Court.

In light of the Plaintiff's position that they are not seeking any punitive damages (Plaintiff's Motion Page 6 "Twelfth Affirmative Defense – Punitive Damages) as such there is no substantive difference in the relief that they could be receive from this court or the administrative remedies provided by the New York State Department of Labor. At best the Plaintiff's action is premature at worst it is a waste of this Court's time. This now constitutes a third legal front that

the Defendants must deal with the same allegations in. This does nothing but increase the costs and expenses of the Defendants, significantly prejudices them and not prudent use of judicial resources.

    iii) AFFIRMATIVE DEFENSE SEVEN

It has been alleged by the Plaintiff in this action that there was an improper withholding of her final paycheck. It is our contention that this specific issue was directly dealt with in a contractual relationship between the parties, an issue currently being litigated in the New York State Courts. (Exhibit A)

It is possible that other agreements between the parties may or not be governed by contractual relations between the parties. Discovery when exchanged may shed light on these issues. However it is too soon to dismiss this affirmative defense until that discovery has been exchanged and reviewed. While the Plaintiff is quick to cite that an employer cannot contract to avoid the minimum wage laws there is no discovery herein to even show that that statement is anything more than an allegation here. As such the defense should not be struck at this time.

    iv) AFFIRMATIVE DEFENSE EIGHT

The mitigation of damages is applicable herein. The Plaintiff has now started a second legal action involving the parties, claims to only be seeking past wages due yet does not take avail herself of the simple and economical administrative remedies available through the New York

State Department of Labor. Furthermore the Plaintiff by her own admission is seeking "actual damage, liquidated damages, expenses, post-judgment interest, costs, attorney's fees, the statutory maximum under NY Labor Law §195 and declaratory relief". In seeking damages beyond her actual damages she has a duty to mitigate her damages. As such it is proper to deny the striking of this affirmative defense at this time. Upon further exchange and review of discovery further supporting grounds for this answer may become available. The Defendants are dealing with a Department of Labor audit, there is the New York State Court action between these parties and now there is this Federal Court action the parities are embroiled in.

v) AFFIRMATIVE DEFENSE TWELVE

While the Plaintiffs claim that they are not seeking punitive damages they are certainly seeking damages which are punitive in nature and go well beyond actual damages. They are asking for liquidated damages, expenses, post-judgment interest, costs, attorney's fees, as well as the statutory maximum under NY Labor Law. We would argue that these damages are punitive in nature and the Plaintiff should not be entitled to the same. These issues certainly should be clearer after the exchange and review of discovery. As such it would be premature to strike the defense at this time.

vi) AFFIRMATIVE DEFENSE FOURTEEN

While the Plaintiff claims that this action to not be seeking Class Action status at this time by all allegations contained therein as well as the caption the Plaintiff has taken the approach that they

are acting on behalf of herself "and on behalf of those individuals similarly situated". By their own implication they are implying acting on behalf of a class in paragraph 2 of the complaint when the Plaintiff alleges that she is entitled to recover on behalf of "herself, and on behalf of all similarly situated employees". (ECF Doc No. 1 Paragraph 2) In paragraphs 22 through 28 of the Plaintiff's complaint entitled "Collective Action Allegations" the Plaintiff states they are bringing this action "on behalf of the Plaintiff and a class consisting of similarly situated employees who worked for the Defendant." (ECF Doc No. 1 Paragraph 24)

Whether they have formally applied for class status or not the Defendants have a duty to raise all applicable defenses based of the allegations within the Plaintiff's complaint. Since the Plaintiff's complaint has chosen to take this approach the affirmative defense must remain. With regards to the use of the word Google in said defense, that is a typo and the Defendants would ask for leave to amend their affirmative defense to correct that error and will amend pursuant to Fed. R. Civ. P. Rule 15 (a) (1) (b) simultaneously with the filing of this response.

Despite the use of the word Google the legal agreements and basis for the affirmative defense remain the same, the Plaintiff is claiming by their own caption and statements to be acting on behalf of and a representative of a larger group not simply for herself . It is our contention that she does not have such standing.

vii) AFFIRMATIVE DEFENSE FIFTEEN

Pursuant to Title 29 USC § 255;

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], the Walsh-Healey Act [41 U.S.C. 35 et seq.], or the Davis-Bacon Act [1] —
>
> (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

The Plaintiff unilaterally makes statements in her motion that the conduct of the Defendants was willful and therefore she is entitled to an extended statute of limitations. This self serving statement comes to a legal conclusion that is not up to the Plaintiff to decide but rather the Court after a determination of facts. The period of time that we are talking about here as raised by the Plaintiff is December 2009 to June 2012 and the action was commenced in March of 2013. Under a two year statute of limitations as called for by the statue, in the unlikely event of success by the Plaintiff on the merits, the Plaintiff would be forever barred by statute from recovering any damages dating older than two years from the date of filing and therefore the Defendants entitled to a reduction of any liability to events that had happened prior to March 2011. The Plaintiff has to prove at trial that they are entitled to an extended statute of limitations. For the reasons herein this defense must be permitted to remain.

    viii)    AFFIRMATIVE DEFENSE EIGHTEEN

The Plaintiff in her complaint has cited several overlapping theories of law for which she seeks recovery. The Plaintiff seeks to recover under federal law as well as state law under the same allegations a claim that this Plaintiff did not get the proper wage. If the Plaintiff was award damages on each and every distinct cause of action in her complaint she could get the benefit of double dipping. As such this defense should be permitted to remain until trial.

With regards to the use of the word Google in said defense, that is a typo and the Defendants would ask for leave to amend their affirmative defense to correct that error and will correct that typo pursuant to Fed. R. Civ. P. Rule 15 (a) (1) (b) simultaneously with the filing of this response.

ix) AFFIRMATIVE DEFENSE NINETEEN

As stated above with regards to Affirmative Defense Five, while the Plaintiffs claim that they are not seeking punitive damages they are certainly seeking damages which are punitive in nature and go well beyond actual damages. They are asking for liquidated damages, expenses, post-judgment interest, costs, attorney's fees, as well as the statutory maximum under NY Labor Law. We would argue that these damages are punitive in nature and the Plaintiff should not be entitled to the same. Furthermore these issues certainly should be clearer after the exchange of discovery. As such the defense should not be struck at this time.

## III. ARGUMENT IN SUPPORT OF CROSS MOTION

### A. PLAINTIFF'S PLEADINGS MUST BE STRUCK

Plaintiffs have appeared and answered an ongoing New York State District Court action prior to the entering of this action. Pursuant to FED.R.CIV.P. 8(a)(2) pleadings must be struck when they are duplicative. The Plaintiff raises issues with regards to post wages and cite several state statute causes of action. These issues can easily be address under state law in a State Court in which all sides have already appeared under Index No. BRC 13-48. By starting this federal action after appearing and answering a lawsuit involving the same parties has forced the Defendant in this action expend time, money and resources into litigating the same actions twice.

Furthermore the Plaintiff's claims are the subject of an ongoing audit by the New York State Department of Labor under Investigation LS10 2011008660. To start a private action in the middle of this audit wherein whatever relief the Plaintiff is seeking is available through the administrative remedies available is improper and not a prudent use of judicial time.

### B. IN SUPPORT OF A DECLARATORY ORDER PREVENTING AN AWARD OF DAMAGES BEYOND ACTUAL DAMAGES

Plaintiff's counsel in this motion has stated that he is not seeking punitive damages, although he is seeking attorney fees, in this action (Plaintiff's memorandum of law Page 6, line 17). As such the Plaintiff's Counsel by his own conduct has consented to this Court for the denial of any

award of punitive damages in this matter. Therefore we would ask for a declaratory order at this time denying the Plaintiff from being able to recover any punitive damages in this action. Such a ruling will prevent the Defense from having to expend the time and resources associated from fighting this claim as well as avoiding the prejudices flowing there from.

### C. IN SUPPORT OF A DECLARATORY ORDER STRIKING CLASS ACTION STATUS

The Plaintiff's Counsel in his motion has also stated that this is not and he is not seeking class action status in this action (Plaintiff's Memorandum of Law Page 7, line 5). Despite the caption and the earlier references in the compliant to the Plaintiff's counsel appearing on behalf of herself and similarly situated individuals. Naturally since it later has been brought to the attention of the Court that the Plaintiff is not seeking to act on behalf of a class we would ask for a declaratory order at this time denying the Plaintiff from being on behalf of a class in this action. Such a ruling will prevent the Defense from having to expend the time and resources associated from fighting this claim as well as avoiding the prejudices flowing there from.

### IV. CONCLUSION

We are shocked by the unnecessary motion practice by the Plaintiff in this action. There has been absolutely no discovery exchanged in this action, the affirmative defenses offered are based on solely on the Plaintiff's complaint, and we are equally shocked that the Plaintiff had instituted this action while remaining silent in their Federal Complaint as to the existence of the ongoing State Court action. We would ask for a denial of the Plaintiffs motion in its entirety, a granting

of the relief sought in the cross motion together with an award of costs and attorneys fees to the Defendant together with such other relief as the Court deems proper.

Dated: Patchogue, NY  　　　　　　　　　　Yours Truly etc.,
　　　　April 29, 2013 　　　　　　　　　　MAYER, ROSS & HAGAN PC

　　　　　　　　　　　　　　　　　　　　　/s/ Damon A. Hagan
　　　　　　　　　　　　　　　　　　　　　Damon A. Hagan, Esq.
　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　　　178 East Main Street
　　　　　　　　　　　　　　　　　　　　　Patchogue, New York 11772
　　　　　　　　　　　　　　　　　　　　　(631) 654-5134 (F) 631-654-5252

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KAITLYN CAVA, individually and on behalf
of those individuals similarly situated,

                                       Plaintiff,         AFFIRMATION OF SERVICE

 - against -

TRANQUILITY SALON & DAY SPA, INC.        Case No. 2:13-cv-01109-JS-ARL
and LEAH PELENGARIS,
                                  Defendants.
-----------------------------------------------------------x

That Deponent is the attorney of record for **Defendants, Tranquility Salon and Day Spa Inc. and Leah Pelengaris**

That on April 29, 2013, Deponent served the attached NOTICE OF MOTION, MEMORAMNUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(F) AND IN SUPPORT OF DEFENDANT'S CROSS MOTION, DECLARATION OF DAMON A. HAGAN, ESQ., AND EXHIBITS IN SUPPORT on Saul Zabell & Associates, Attorney(s) for the Defendant,

 [ X ] by filing with the Clerk of the Court and served in accordance with the Federal rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules for Electronic Service upon:

Zabell & Associates, P.C.
Saul D. Zabell Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

The undersigned affirms the foregoing statement to be true under the penalties of perjury.

Dated:       Patchogue, New York
               April 29, 2013

                                                    /s/ Damon A. Hagan
                                                    Damon A. Hagan, Esq.
                                                    Attorney for Defendants
                                                    178 East Main Street
                                                    Patchogue, New York 11772
                                                    (631) 654-5134 (F) 631-654-5252