# MAYER, ROSS & HAGAN, P.C.
ATTORNEYS AND COUNSELORS AT LAW

178 EAST MAIN STREET
PATCHOGUE, NY 11772
TEL: (631) 654-5250
TEL: (631) 654-5134
FAX: (631) 654-5252

ROBERT W. MAYER
CHRISTOPHER R. ROSS*
DAMON A. HAGAN**

*Also admitted in NJ and District of Columbia
**Also admitted in Nevada

May 7, 2013

United States Magistrate Arlene Rosario Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

**Re: Cava v. Tranquility et al. Case No. 13-CV-1109**

Magistrate Lindsay:

    This office represents the Defendants in the above referenced action that is scheduled for a scheduling conference tomorrow, May 8, 2013 at 2 pm for the specific purpose of addressing the Court's proposed scheduling order. This office has no issue with the Court's scheduling order. On May 2, 2013 we received from the Plaintiff's Counsel, Saul Zabell, Esq., the innocuous statement "we cannot agree on the scheduling order proposed by Magistrate Judge Lindsay as we believe an in-person conference is necessary". In response to those statements this office has repeatedly requested that Plaintiff's Counsel voice any actual objections to the scheduling order that they may have and provide my office with alternative dates so that we could work out any issues prior to the holding of the Scheduling Conference.

    On May 2, 2013 I had a phone conversation with Plaintiff's Counsel wherein I had inquired what are the issues that the Plaintiff's Counsel had to the proposed scheduling order. Plaintiff's Counsel never offered an actual objection to the scheduling order or offered any alternative dates. I was given the direct impression that Plaintiff's Counsel wished to use the Scheduling Conference for May 8, 2013 to conduct some sort of settlement conference with the Court instead of the conference's specified purpose which is to address the case's schedule.

    On May 3, 2013 we once again asked Plaintiff's Counsel to propose an alternative schedule and we would adjust the dates of the Scheduling Order accordingly to save the Court and all parties the time and expense in having to hold an unnecessary scheduling conference. Once again the Plaintiff's Counsel responded on May 3, 2013 with the same "we cannot agree on the scheduling order proposed by Magistrate Judge Lindsay and believe an in-person conference is necessary".

    Copies of the letters exchanged between the parties are attached herewith.

    This office has every good faith effort to try to ascertain what, if anything, is the Plaintiff's Counsel's issues with the scheduling order are and resolve them prior to holding of this conference. Plaintiff's counsel has insisted on providing no actual objections and requiring that the Court and Defendants expend the time, effort and energy not to mention the Defendants expense of attorney's fees

in having to send Counsel to Court. This conduct does nothing but unreasonably multiplies the proceedings in this matter. All Plaintiff's Counsel had to do to avoid the holding of a Scheduling Conference was provide alternative dates. They never have and have refused to do so.

Plaintiff's Counsel's refusal constitutes bad faith and is not permitted under Fed R. Civ. P. Rule 16 (f) and 28 U.S.C. §1927. As such this office will be demanding sanctions and attorney's fees be issued against Plaintiff's Counsel for compelling the Court to hold and Defendants' Counsel to appear at a what would otherwise be an unnecessary Scheduling Conference.

    Yours Truly etc.,
    MAYER, ROSS & HAGAN PC

    By: Damon A. Hagan, Esq.

CC: Zabell & Associates, P.C. Via Facsimile (631) 563-7475