UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KAITLYN CAVA, individually and
on behalf of those individuals
similarly situated; ANGELA CAIRA,
and ASHLEY COLINO,

                         Plaintiffs,

         -against-                              MEMORANDUM & ORDER
                                                13-CV-1109(JS)(ARL)
TRANQUILITY SALON & DAY SPA, INC.
and LEAH PELENGARIS,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Saul D. Zabell, Esq.
                     Zabell & Associates, P.C.
                     One Corporate Drive, Suite 103
                     Bohemia, NY 11716

For Defendants:      Damon Andrew Hagan, Esq.
                     Christopher R. Ross, Esq.
                     Mayer, Ross & Hagan P.C.
                     178 East Main Street
                     Patchogue, NY 11772


SEYBERT, District Judge:

         Plaintiff Kaitlyn Cava commenced this action on March

1, 2013 individually and on behalf of those similarly situated

("Plaintiff") against defendants Tranquility Salon & Day Spa,

Inc. ("Tranquility") and Leah Pelengaris ("Pelengaris" and

together with Tranquility, "Defendants") for violations of the

Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201

et seq., New York Labor Law ("NYLL"), N.Y. LAB. LAW § 190 et seq.,

and New York State Department of Labor Regulations, N.Y. Comp.

Code R. & Regs. tit. 12 §§ 142-2.1-142-2.4.   Currently pending before the Court are: (1) Plaintiff's motions to strike Defendants' affirmative defenses, and (2) Defendants' motion to strike the Complaint and for declaratory orders.[1]   For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART; Defendants' motion is DENIED except to the extent that Defendants seek to amend the Answer to correct typographical errors.

<u>BACKGROUND</u>

Plaintiff began working as an assistant at Tranquility in December 2009, when she was seventeen years old. (Compl. ¶ 30.)   Defendant Pelengaris owns and operates Tranquility and "(1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for the entity." (Compl. ¶ 13.)

Plaintiff alleges that, despite her satisfactory performance, Defendants failed to pay her and other similarly situated employees minimum wage, overtime, and spread of hours pay. (Compl. ¶¶ 33, 38.)   Specifically, she worked four to five

---

[1] Also pending is Plaintiff's motion to certify this action as an FLSA collective action. (<u>See</u> Docket Entry 27.)  That motion has been referred to Magistrate Judge Arlene R. Lindsay and therefore will not be addressed in the instant Memorandum and Order. (<u>See</u> Referral Order, Docket Entry 29.)

days per week and ten to twelve hours per day, but received between $4.00 and $6.00 per hour, without overtime compensation or spread of hours pay. (Compl. ¶¶ 34-36, 38-39.) Some weeks Defendants failed to pay Plaintiff at all, including one paycheck that was returned due to insufficient funds and Plaintiff's final paycheck, which Defendants withheld. (Compl. ¶ 37.)

Plaintiff further alleges that Defendants also regularly failed to pay minimum wage and overtime to other similarly situated employees. (Compl. ¶ 33.) As such, she commenced this case as a collective action pursuant to 28 U.S.C. § 216(b). Since commencement, two individuals have entered consents to become a party in the collective action--Angela Caira and Ashley Colino. (See Docket Entries 21-22.)

<u>DISCUSSION</u>

Plaintiff has moved to strike nine of Defendants' nineteen affirmative defenses. The affirmative defenses at issue are as follows: (1) First Affirmative Defense--other litigation, (2) Second Affirmative Defense--exhaustion of administrative remedies, (3) Seventh Affirmative Defense--barred by contract, (4) Eighth Affirmative Defense--mitigation of damages, (5) Twelfth Affirmative Defense--punitive damages, (6) Fourteenth Affirmative Defense--class action, (7) Fifteenth Affirmative Defense--statute of limitations, (8) Eighteenth

Affirmative Defense--duplicative recovery, and (9) Nineteenth Affirmative Defense--punitive damages as unconstitutional. Defendants cross-move for an order striking Plaintiff's Complaint, preventing Plaintiff from seeking an award of damages beyond actual damages, and striking any class action status. The Court will first address the applicable legal standard on a motion to strike before addressing the parties' motions and arguments more specifically.

I. Legal Standard

         Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Resolution of a Rule 12(f) motion is left to the district court's discretion." EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). However, motions to strike are disfavored. See Illiano v. Mineola Union Free Sch. Dist., 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008). To prevail, a movant typically must show that there is no question of fact which might allow the defense to succeed, there is no substantial question of law under which the defense could succeed, and that the movant is prejudiced by inclusion of the defense. See County Vanlines Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 153

(S.D.N.Y. 2002) (quoting SEC v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)).

II. Other Litigation

Both parties seek relief regarding litigation in Suffolk County District Court.  Defendants' First Affirmative Defense asserts that the parties are already engaged in litigation in New York State Supreme Court, County of Suffolk, Sixth District Court, under Index Number BRC 13-48 "where Plaintiff and Plaintiff's counsel have appeared and the accusations contained herein have been raised in that action." (Defs.' Ans., Docket Entry 6, ¶ 108.)  Plaintiff seeks to strike that affirmative defense because the state court action is one in which Defendant sued Plaintiff for a breach of contract and does not involve any of the same claims or issues as the instant action.  (See Pl.'s Br. to Strike, Docket Entry 12, at 5.) Defendants further assert that, because of the state court litigation, Plaintiff's Complaint should be striken pursuant to Federal Rule of Civil Procedure 8(a)(2).  (Defs.' Opp./Cross Br., Docket Entry 14-5 at 16.)

A. Plaintiff's Motion to Strike the First Affirmative Defense

Defendants' First Affirmative Defense does not indicate the theory or theories upon which it is based or what they intend to assert specifically.  However, their opposition

brief asserts that the instant action is duplicative because "[t]here is ongoing New York State District Court action, involving all of the same parties, the same fact patterns and allegations raised in the Plaintiff's complaint." (Defs.' Opp./Cross Br. at 8.)  Defendants apparently intend to assert that this action is precluded.  Although they have attached some state court documents and even moved to strike Plaintiff's Complaint in the instant action, they have also indicated that discovery is necessary in this case.  (Defs.' Opp./Cross Br. at 6-7.)

While Plaintiff asserts that the state court action "does not seek recovery for any of the claims alleged in this action," her argument relates to the context of this particular case and the issues addressed in the state court action. Preclusion, though, is a potentially viable defense.  (Pl.'s Br to Strike at 5.)  See, e.g., Chrzanowski v. Lichtman, 884 F. Supp. 751, 756-57 (W.D.N.Y. 1995) (holding that FLSA action was barred by res judicata).  Her argument that the defense ultimately will not be successful does not satisfy her burden on a motion to strike.  See Marshall v. New Horizons, Inc., No. 08-CV-0633, 2009 WL 2983169, at *1 (D. Conn. Sept. 14, 2009) (denying motion to strike affirmative defense asserting preclusion under collateral estoppel or res judicata). Moreover, given that further development of the factual and

6

legal record may reveal relevant determinations in the state court, striking of Defendants' First Affirmative Defense is not appropriate here.  Oneida Indian Nation of N.Y. v. New York, 194 F. Supp. 2d 104, 123 (N.D.N.Y. 2002) ("It is not appropriate at this time to strike Defendants' defense of collateral estoppel, since further development of the factual and legal record may reveal issues to which the prior determinations of the ICC and the Court of Claims may prove relevant."); see also Kovian v. Fulton Cnty. Nat'l Bank & Trust Co., No. 86-CV-0154, 1992 WL 106814, at *9 (N.D.N.Y. May 13, 1992) (granting leave to add affirmative defenses of preclusion because viability of defenses was somewhat unclear and noting that "[a] motion to strike cannot be used to test the underlying merits of the defense because the defense appears to be valid on the face of the pleading and its insufficiency only can be demonstrated by material that is outside the pleadings" (internal quotation marks and citation omitted)).

Accordingly, Plaintiff's motion to strike the First Affirmative Defense is DENIED.

B. Defendants' Motion to Strike the Complaint

Defendants further maintain that Plaintiff's Complaint should be striken as duplicative pursuant to Federal Rule of

Civil Procedure 8(a)(2).[2]   The Court disagrees.

For the same reasons that the Court has denied Plaintiff's motion to strike the First Affirmative Defense, so too must Defendants' motion to strike the Complaint be denied. Not only have the parties characterized the state court action differently and asserted wholly different views of the documents and arguments submitted therein, but Plaintiff has also raised a question of law--asserting that "Defendants' argument that Plaintiff may receive the same relief through the Suffolk County District Court is misplaced, primarily because the monetary jurisdiction of that court is limited to $15,000.00." (Pl.'s Reply Br., Docket Entry 16, at 8.) Defendants, while apparently maintaining that there are no obstacles to the state court fully adjudicating all matters between the parties, have not directly addressed Plaintiff's contention regarding jurisdictional limitations.   Accordingly, Defendants' motion to strike the Complaint as duplicative is DENIED.   See Baker v. David A. Dorfman, P.L.L.C., No. 99-CV-9385, 2000 WL 297160, at *1 (S.D.N.Y. Mar. 22, 2000 ("A motion to strike should not be allowed if the defense presents questions of fact, and even when

---

[2] Rule 8(a)(2) provides: "A pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).   Unlike Rule 12(f), it does not allow for "striking" a pleading.   Nonetheless, Defendants' motion is without merit.

the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike." (internal quotation marks and citation omitted)); Ali v. N.Y. City Transit Auth., 176 F.R.D. 68, 70 (E.D.N.Y. 1997) (To succeed on a motion to strike, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." (internal citation omitted)).

III. Exhaustion of Administrative Remedies

Next, Plaintiff moves to strike Defendants' Second Affirmative Defense, which asserts that "Plaintiff [has] failed to exhaust any and all administrative remedies prior to instituting this action including but not limited to any and all administrative relief available through the New York State Department of Labor." (Defs.' Ans. ¶ 109.) Plaintiff asserts that the Court should strike the Second Affirmative Defense because "federal and state wage and hour violations do not require a Plaintiff to first exhaust administrative remedies." (Pl.'s Br. to Strike at 5 (citing 29 U.S.C. § 201 et seq.; N.Y. LABOR LAW § 190 et seq.).) The Court agrees.

Plaintiff is correct--neither the FLSA nor the NYLL requires that she exhaust her administrative remedies. See Urtubia v. B.A. Victory Corp., 857 F. Supp. 2d 476, 482

9

(S.D.N.Y. 2012) ("New York Labor Law does not generally impose an exhaustion requirement where, as here, a plaintiff's claims are not connected to any public works project."); Grochowski v. Ajet Const. Corp., No. 97-CV-6269, 2000 WL 1159640, at *3 (S.D.N.Y. Aug. 16, 2000) ("The FLSA does not require exhaustion of administrative remedies." (citing 29 U.S.C. § 201 et seq.)); Krebs v. Canyon Club, Inc., 22 Misc.3d 1125(A), *21, 880 N.Y.S.2d 873 (N.Y. Sup. 2009) ("[T]he [New York] Labor Law does not generally preclude employees from brining their own actions and does not generally require employees to exhaust administrative remedies or obtain any sort of right-to-sue letter from the Commissioner."). Furthermore, although the NYLL authorizes the New York State Department of Labor to "investigate and attempt to 'adjust equitably' controversies between employers and employees arising under . . . the Labor Law," Krebs, 22 Misc.2d at *21 (quoting N.Y. LABOR LAW § 196(1)(a)), it also specifically provides that "[i]nvestigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action," N.Y. LABOR LAW § 198(3).

Accordingly, whether Plaintiff has or has not exhausted any administrative remedies is wholly immaterial and Plaintiff would be prejudiced by the inclusion of such defense.

Accordingly, her motion to strike the Second Affirmative Defense is GRANTED.

IV. Contract

Plaintiff further moves to strike Defendants' Seventh Affirmative Defense, which asserts that "Plaintiff's claims are barred in whole or part by contract, including but not limited to the defenses afforded to Defendant under any contract with the Plaintiff." (Defs.' Ans. ¶ 114.) The Court agrees that this defense should be striken.

"It is well-established that parties cannot contract for lesser protections than the FLSA, which sets the lower limit for overtime compensation." Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 468 (E.D.N.Y. 2011); see also Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740, 101 S. Ct. 1437, 1445, 67 L. Ed. 2d 641 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." (internal quotation marks and citation omitted)). Defendants make virtually no attempt to explain how they intend to avoid such a well-established principle. Rather, they simply assert that "[i]t has been alleged by the Plaintiff . . . that there was an improper withholding of her final paycheck. It is our contention that this specific issue was directly dealt with in a

contractual relationship between the parties, an issue currently being litigated in the New York State Courts." (Defs.' Opp./Cross Br. at 11.) However, whether Plaintiff indeed breached a contract requiring her to do, or pay for, certain things during her employment does not "bar" Plaintiff's claim that Defendants failed to pay her statutorily required minimums. Accordingly, Plaintiff's motion to strike the Seventh Affirmative Defense is GRANTED.

V.  Mitigation

        Plaintiff also moves to strike Defendants' Eighth Affirmative Defense, which asserts that Plaintiff has failed to mitigate her alleged damages, because it is neither legally nor factually relevant. (See Defs.' Ans. ¶ 115.) Again, the Court agrees.

        As Plaintiff has succinctly stated, she seeks compensation for past legally required wages. (Pl.'s Br. to Strike at 6.) It is unclear how one could mitigate such damages and, just as contractual agreements for less than statutory requirements would contradict the purposes of the FLSA, mitigation of damages is likewise perverse. In an attempt to oppose Plaintiff's motion, Defendants assert somewhat convoluted--and meritless--arguments. For example, Defendants again cite to remedies available through the New York State Department of Labor, a defense that the Court has already

rejected.   (Defs.' Opp./Cross Br. at 11-12.)   Additionally, they maintain that Plaintiff has a duty to mitigate damages insofar as she seeks compensation beyond her "actual damages."   (Defs.' Opp./Cross Br. at 12.)   Defendants cite to no support for this proposition and instead refer only to those damages provided for pursuant to the relevant statutes.   Insofar as Defendants somehow intend to maintain that if Plaintiff is successful and entitled to attorneys' fees that Plaintiff should not seek overreaching fees, this is not an affirmative defense to her FLSA and NYLL claims.   If Plaintiff were successful and sought fees, the Court would conduct an analysis into reasonableness in any event, and Defendants would be free to oppose.   See, e.g., Cuevas v. Ruby Enters. of N.Y. Inc., No. 10-CV-5257, 2013 WL 3057715 (E.D.N.Y. June 17, 2013).

This defense is wholly immaterial and improperly suggests a duty that is not applicable to Plaintiff. Accordingly, Plaintiff's motion to strike the Eighth Affirmative Defense is GRANTED.

VI. Punitive Damages

    A. Plaintiff's Motion to Strike the Twelfth and Nineteenth Affirmative Defenses

Next Plaintiff moves to strike Defendants' Twelfth and Nineteenth Affirmative Defenses, both of which pertain to punitive damages.   The Twelfth Affirmative Defense asserts that

"Plaintiff is not entitled to any damages, including but not limited to punitive damages." (Defs.' Ans. ¶ 119.) The Nineteenth Affirmative Defense asserts that imposition of punitive damages would be unconstitutional. (Defs.' Ans. ¶ 126.) The Court agrees with Plaintiff that the Nineteenth Affirmative Defense should be striken, but will leave the Twelfth Affirmative Defense intact.

Plaintiff explicitly states that she has not sought punitive damages. (Pl.'s Br. to Strike at 6.) Instead, the Complaint seeks actual damages, liquidated damages, expenses, post-judgment interest, costs, attorneys' fees, the maximum under the NYLL, and declaratory relief, all of which are provided for in the relevant statutes and are relatively standard damages requests in FLSA and NYLL actions. See 29 U.S.C. § 201 et seq.; N.Y. LAB. LAW § 190 et seq. Defendants counter that Plaintiffs are seeking damages which are punitive in nature. (Defs.' Opp./Cross Br. at 12.)

The issue is really one of semantics and, to a degree, both parties are correct. See Gortat v. Capala Bros., 949 F. Supp. 2d 374, 381, (E.D.N.Y. 2013) ("I find the distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL as semantic . . . ."). The FLSA and NYLL each provide for "liquidated" damages. Thus, Plaintiff's contention that she seeks "liquidated" but not

14

"punitive" damages has merit.  On the other hand, liquidated damages, while considered compensatory under the FLSA, serve a punitive function in the context of NYLL claims.  See Santillan v. Henao, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011). Furthermore, liquidated damages under the NYLL are appropriate only when the violation was willful.  See id. (citing N.Y. LABOR LAW § 198.)  Thus, to the extent that Defendants intend to lodge a defense that their violation was not willful, and that Plaintiff is therefore not entitled to liquidated damages, Plaintiff's motion to strike the Twelfth Affirmative Defense is DENIED.

In contrast, the Nineteenth Affirmative Defense, which asserts that punitive damages are unconstitutional, cannot stand.  Plaintiff merely seeks damages that are explicitly authorized by the relevant statutes, and Defendants cite no authority to show that such statutory provisions have been held unconstitutional.  In fact, in opposing Plaintiff's motion to strike, Defendants merely reiterate their argument that Plaintiff's alleged damages are arguably punitive in nature. (Defs.' Opp./Cross Br. at 15.)  Thus, Defendants' Nineteenth Affirmative Defense appears to be nothing more than a duplicate of the Twelfth Affirmative Defense.  Accordingly, Plaintiff's motion to strike the Nineteenth Affirmative Defense is GRANTED.

B. <u>Defendants' Motion for a Declaratory Order Preventing Damages Beyond Actual Damages</u>

Relatedly, Defendants seek a declaratory order preventing an award of damages beyond actual damages. Defendants maintain that, because Plaintiff has indicated that she is not seeking "punitive" damages, Plaintiff should be denied from recovering punitive damages in this action.    The Court disagrees.

"The two criteria guiding the policy in favor of rendering declaratory judgments are (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) whether it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." <u>Civic Ass'n of Deaf of N.Y. City, Inc. v. Giuliani</u>, 915 F. Supp. 622, 631 (S.D.N.Y. 1996).

Here, as noted previously, the controversy over "punitive" damages in this action is one of semantics.  At the core of the dispute is how the parties have defined punitive damages.   Thus, the Court disagrees with Defendants that Plaintiff has conceded that she is seeking only actual damages. What she has conceded is that she is seeking only those damages to which she is statutorily entitled if she is successful.  The issue is somewhat confused, but the declaratory relief that

16

Defendants seek will not afford any additional clarification. Accordingly, Defendants' cross motion in this regard is DENIED.

VII. <u>Class Action</u>

    A. <u>Plaintiff's Motion to Strike the Fourteenth Affirmative Defense</u>

        Plaintiff also seeks to strike Defendants' Fourteenth Affirmative Defense, which asserts, in relevant part, that "[t]o the extent that plaintiff purports to bring a class action, [she] has failed to plead the elements required by Federal Rules of Civil Procedure." (Defs.' Ans. ¶ 121.) Plaintiff maintains that the Fourteenth Affirmative Defense is based on this being a purported class action under Federal Rule of Civil Procedure 23 when in fact this is a collective action pursuant to 29 U.S.C. § 216(b). The Court agrees with Plaintiff that the Fourteenth Affirmative Defense is based upon Federal Rule of Civil Procedure 23 rather than Section 216(b) of the FLSA, but declines to strike the defense.

        At the outset, there are several points worth noting. <u>First</u>, the Fourteenth Affirmative Defense refers exclusively to the Federal Rules of Civil Procedure and asserts that Plaintiff has not, and cannot, allege elements such as "numerosity, commonality and typicality." (Defs.' Ans. ¶ 121.) Such elements refer to the requirements of Rule 23. <u>See</u> FED. R. CIV. P. 23. <u>Second</u>, the requirements of a class action under Rule 23

and those of a collective action pursuant to the FLSA are not the same.  See generally Rodolico v. Unisys Corp., 199 F.R.D. 468 (E.D.N.Y. 2001).   In fact, courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Rule 23.  See id. at 481 (collecting cases). Third, while Plaintiff asserts claims under the FLSA and NYLL, the Complaint states only that this is a collective action pursuant to the FLSA.  (See Compl. ¶ 23.)  Thus, Plaintiff is correct that the Fourteenth Affirmative Defense is immaterial to her efforts to bring this case as a collective action.

However, unlike the FLSA, "[t]he NYLL . . . does not have a provision for collective actions.  Instead, plaintiffs may pursue a traditional 'opt-out' class action through class certification for their state law claims." Shahriar v. Smith & Wollensky Restaurant Grp., Inc., 659 F.3d 234, 244 (2d Cir. 2011).  While Plaintiff has not put forth such a theory, the Court cannot definitively say that the Fourteenth Affirmative Defense is necessarily immaterial.  Accordingly, Plaintiff's motion to strike the Fourteenth Affirmative Defense is DENIED.

B.  Defendants' Motion for a Declaratory Order Striking Class Action Status

Defendants also seek a declaratory order striking class action status.  As with Defendants' request for

18

declaratory judgment regarding punitive damages, they base this request upon Plaintiff's representation that she is not pursuing a class action.  The Court disagrees.

Once again, the Complaint states solely that Plaintiff brings this case as a collective action pursuant to Section 216(b) of the FLSA.  Her motion correctly argues that the Fourteenth Affirmative Defense and Rule 23 and its elements are wholly immaterial to a collective action under the FLSA.  If at some point Plaintiff takes a position that Defendant believes is contradictory, Defendant may raise that argument.  At this time, however, a declaratory judgment would not clarify or settle any legal issues and the Court will not speculate as to issues that may arise in the future of this litigation.  Defendants' motion for a declaratory order striking class action status is DENIED.

VIII. <u>Statute of Limitations</u>

Plaintiff next moves to strike Defendants' Fifteenth Affirmative Defense, which states that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.  (<u>See</u> Defs.' Ans. ¶ 122.)  Plaintiff maintains that its claims are timely and therefore, the Court should strike the Fifteenth Affirmative Defense.  The Court disagrees.

Plaintiff is correct that the FLSA's statute of limitations reaches back two years from the filing of the Complaint or three years for willful violations.  (Pl.'s Br. to

Strike at 7 (citing 29 U.S.C. § 255(a)).  Plaintiff maintains that "[h]ere, the facts as alleged in the Complaint warrant the utilization of the three (3) year statute of limitations period, as there can be little dispute Plaintiff was subjected to willful violations."  (Pl.'s Br. to Strike at 7.)  However, whether there have been violations of the FLSA and whether those violations are willful implicate questions of fact.  See Wade v. Woodland Commons, LLC, No. 09-CV-1426, 2012 WL 929839, at *6 (N.D.N.Y. Mar. 19, 2012) (finding that there were questions of fact as to whether violations of the FLSA were willful); Damassia v. Duane Reade, Inc., No. 04-CV-8819, 2005 WL 1214337, at *1 (S.D.N.Y. May 20, 2005) ("Whether [defendant] violated the FLSA at all, and whether they did so willfully, implicate questions of fact that should ordinarily be determined at trial or, absent genuinely disputed issues of fact, on summary judgment after full discovery.").  Accordingly, Plaintiff has not shown that there are no set of facts under which the Fifteenth Affirmative Defense can prevail and, therefore, her motion to strike in this regard is DENIED.

IX. Duplicative Recovery

        Finally, Plaintiff seeks to strike the Eighteenth Affirmative Defense, which asserts that "any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against

Google or others for any alleged single wrong." (Defs.' Ans. ¶ 125.) Plaintiff asserts that this defense is inapplicable and nonsensical. (Pl.'s Br. to Strike at 8.) Although the Court agrees that the defense is somewhat nonsensical in that it refers to Google--a non-party with no connection to this case-- the Court does not agree that it is inapplicable.

Defendants assert that Plaintiff has asserted "overlapping theories of law for which she seeks recovery." (Defs.' Opp./Cross Br. at 15.) Plaintiff agrees that "the FLSA and NYLL provide for overlapping recovery." (Pl.'s Reply Br. at 6.) In short, Plaintiff's admission undermines her claim. Certainly she may simultaneously assert claims under the FLSA and NYLL as they are not mutually exclusive and the NYLL allows for a longer period of recovery than the FLSA. Gunawan v. Sake Sushi Restaurant, 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012) ("I am persuaded that the two statutory provisions serve different purposes and are therefore not mutually exclusive."). However, it is also true that courts will not award duplicative recovery and have been careful to parse out whether a plaintiff who has successfully shown violations of both the FLSA and NYLL should be able to recover for certain claims under both statutes. Id. at 91 (noting that the plaintiff was "not entitled to receive a separate award of back wages under the FLSA because it would duplicate the award received under NYLL"); see also Drozd v.

Vlaval Const., Inc., No. 09-CV-5122, 2011 WL 9192036, at *15
n.21 (E.D.N.Y. Oct. 18, 2011) ("Since it has already been
determined that plaintiff is entitled to recovery under the FLSA
for the full term of his employment, it is unnecessary to
perform an analysis of plaintiff's NYLL claims for unpaid
regular and overtime wages, which would lead to double
recovery.").   Accordingly, double recovery is not an
inapplicable defense to this action and Plaintiff's motion to
strike the Eighteenth Affirmative Defense is DENIED.

To the extent that the Eighteenth Affirmative Defense
refers to Google, the Court agrees with Plaintiff that
"Defendants' counsel has clearly procured an affirmative defense
from an Answer in a class litigation pending against Google."
(Pl.'s Br. to Strike at 8.)   However, Defendants have sought
leave to amend that defense pursuant to Federal Rule of Civil
Procedure 15 and have corrected the error in a document filed
simultaneously with their brief.[3]   As Defendants are simply
correcting a typographical error, their request is GRANTED.

---

[3] Defendant maintains that it has amended the Answer as a matter
of course pursuant to Rule 15(a)(1)(B).  (Defs.' Br. at 15.)
However, Defendants served their Answer on April 1, 2013 (see
Docket Entry 6), but did not file an Amended Answer until April
29, 2013.  (Docket Entry 15.)   Therefore, the time to file an
amended pleading passed.  See Chevron Corp. v. Donziger, No. 11-
CV-0691, 2013 WL 624648 at *1 (S.D.N.Y. Feb. 20, 2013).
Nonetheless, the Court considers Defendants' request one under
Rule 15(a)(2), which provides that courts should grant leave to
amend "when justice so requires."  FED. R. CIV. P. 15(a)(2).

CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is GRANTED IN PART and DENIED IN PART. It is GRANTED as to the Second, Seventh, Eighth, and Nineteenth Affirmative Defenses, but otherwise DENIED. Defendants' cross-motion to strike the Complaint and for declaratory orders is DENIED; however, to the extent that Defendants seek to amend the Answer to correct typographical errors, such request is GRANTED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February   20  , 2014
           Central Islip, NY

---

Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to non-movant, or futility. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

23